IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **HILDAWN DESIGN LLC** ) | CASE NO. |
| 6334 Ewe Drive ) | |
| Clinton, OH  44216 ) | JUDGE |
| ) | |
| Plaintiff, ) | |
| ) | **COMPLAINT: TRADEMARK** |
| v. ) | **INFRINGMENT; UNFAIR** |
| ) | **COMPETITION; FALSE** |
| **BAD DAD CO** ) | **DESIGNATION OF ORIGIN;** |
| 215 N 9th St ) | **PRELIMINARY AND** |
| Cottage Groove, OR 97424 ) | **PERMANENT INJUNCTION** |
| ) | |
| Defendant. ) | **JURY DEMAND** |

Now comes Plaintiff, Hildawn Design LLC (or "Plaintiff"), by and through counsel to seek recovery from and a preliminary and, ultimately, permanent injunction against Bad Dad Co (hereinafter referred to as "Defendant") for trademark infringement, unfair competition, and false designation of origin, as more particularly stated below:

**PARTIES**

1. Hildawn Design LLC is an Ohio limited liability company with its principal place of business in Clinton, Ohio which is engaged in the business of manufacturing marketing and selling apparel and hats.

2. Upon information and belief, Defendant, Bad Dad Co., is a Oregon limited liability company with its principal place of business located in Cottage Grove, Oregon.

3. Upon information and belief, Defendant is engaged in the business of manufacturing, marketing and/or selling clothing apparel online.

1

## JURISDICTION AND VENUE

4. This is a civil action seeking actual damages, preliminary and permanent injunctions, an accounting and disgorgement of Defendant' profits for trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1114, and Ohio common law; unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. § 1125 and Ohio common law, and deceptive trade practices under ORC §4165.02.

5. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 et. seq. and 28 U.S.C. § 1338(b).

6. Personal jurisdiction in this District is proper inasmuch as Defendant's infringing activities take place in the State of Ohio, Defendant's commercial activities are directed at Ohio residents, and Defendant have solicited and conducted business within the State of Ohio.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) and (3).

## FACTUAL BACKGROUND

8. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 7 as if fully rewritten herein.

9. Plaintiff is engaged in the business of designing, marketing, creating, and distributing clothing apparel and hats throughout the United States.

10. Plaintiff spends a great deal of time, effort, creativity and money designing, advertising, and offering for sale such clothing apparel and hat designs under the brand names GIRLDAD® and BOYDAD®.

11. In addition to Plaintiff's common law rights in the brand names GIRLDAD® and BOYDAD®. Plaintiff is the owner of the trademarks, GIRLDAD® and BOYDAD® which have been registered with the United States Patent and Trademark Office on the Principal Register.

12. The GIRLDAD® trademark is the subject of U.S. Trademark Registration No. 5,192,792 effective April 25, 2017, first use April 30, 2016, and first use in commerce May 28, 2016.  A true and accurate copy of the GIRLDAD® Registration Certificate is attached hereto as **Exhibit 1** and made a part of this pleading.  This registration is now in full force and effect, unrevoked, uncancelled, and is owned by Plaintiff.

13. The BOYDAD® trademark is the subject of U.S. Trademark Registration No. 5,397,597 effective February 6, 2018, with first use anywhere and in commerce having occurred on July 1, 2017.  A true and accurate copy of the Certificate of registration is attached hereto as **Exhibit 2** and made a part of this pleading.  This registration is now in full force and effect, unrevoked, uncancelled, and is owned by Plaintiff.

14. The Certificates of Registration are *prima facie* evidence of the validity of Plaintiff's trademark registrations, Plaintiff's ownership of the trademark registrations, and of Plaintiff's exclusive right to use the trademark in commerce in connection with the goods and services specified in the Certificates of Registration under the provisions of 15 U.S.C. § 1057(b), and constructive notice of Plaintiff's claims of ownership under 15 U.S.C. § 1072.

15. The GIRLDAD® trademark has been extensively and continually used, promoted and advertised by Plaintiff since April of 2016.

16. The BOYDAD® trademark has been extensively and continually used, promoted and advertised by Plaintiff since July 1, 2017.

17. In accordance with the provisions of 15 U.S.C.A. §1111 Plaintiff's trademarks as used in association with Plaintiff's apparel and hats are consistently accompanied by the letter R enclosed with a circle ® to designate their registered trademark status.

18. Plaintiff's trademarked clothing apparel and hats, have been and are advertised and available to view on online shopping platforms including, but not limited to Plaintiff's website, Etsy.com, Amazon.com, as well as through advertisements on Twitter, Instagram, and Facebook, and through social media posts made by influencers who were provided with promotional goods.

19. Upon information and belief, Defendant has manufactured, advertised and sold merchandise identified with the GIRLDAD® and BOYDAD® marks which are confusingly similar to Plaintiff's trademark. An example of Defendant's use of the infringing marks are attached hereto as **Exhibits 3**.

20. Plaintiff has put Defendant on notice of Defendant's trademark infringement and likelihood of confusion caused by Defendant's use of the trademarks GIRLDAD® and BOYDAD® in the marketing and sale of wearing apparel and hats.  Despite such notice Defendant continued to sell merchandise identified with the GIRLDAD® and BOYDAD® marks, which are confusingly similar to Plaintiff's merchandise.

21. The use of Plaintiff's trademarks by Defendant is likely to induce persons to buy, use and recommend Defendant's products when instead they intend to buy, use and recommend Plaintiff's products.  Such deception and mistake will cause great damage to Plaintiff and erode the goodwill that Plaintiff has developed.

22. Defendant is unfairly trading on and appropriating the reputation and goodwill of Plaintiff as represented by Plaintiff's trademarks and is thereby deceiving the public.

23. Defendant's use of the Plaintiff's trademarks is damaging and will continue to damage Plaintiff substantially and irrevocably unless restrained by this Court.

24. Upon information and belief, the Defendant undertook all of these activities despite prominent notices of the registered trademarks.  Further, the Defendant refused to cease and

desist in its infringing activities after being put on notice of the infringement by Plaintiff. The Defendant's actions have thus been committed with either actual knowledge or with reckless disregard that its actions constituted trademark infringement, and as such constitute willful trademark infringement.

## COUNT I

## TRADEMARK INFRINGEMENT

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 24 as if fully restated herein.

26. Defendant's production of the clothing apparel bearing the GIRLDAD® trademark infringes on Plaintiff's trademark, in violation of 15 U.S.C. §1114.

27. Defendant's production of the clothing apparel bearing the BOYDAD® trademark infringes on Plaintiff's trademark, in violation of 15 U.S.C. §1114.

28. Defendant's conduct in infringing Plaintiff's trademark has been and continues to be willful, and in wanton disregard of Plaintiff's rights.

29. Plaintiff has suffered damages as a result of Defendant's infringement of its trademark.

30. Defendant is liable for all of Plaintiff's actual damages, being the amount of profit Plaintiff would have earned from the sales of the Defendant's infringing clothing apparel and hats.

31. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

32. Plaintiff is entitled to a preliminary and, ultimately, permanent injunction pursuant to 15 U.S.C. §1114 prohibiting Defendant from infringing Plaintiff's trademark rights, including but not limited to an injunction prohibiting (1) further creation, use, or distribution of clothing

apparel and hats bearing the trademark and any derivatives thereof, including copies of all designs of clothing apparel and hats based on the infringing trademark; (2) designing, manufacturing, marketing, or distribution of designs based on the trademark; and (3) any other use of this or any other of Plaintiff's trademark.

33. Unless enjoined by this Court, Defendant will continue their unlawful conduct and cause additional injury to Plaintiff for which there is no adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION

34. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 33 as if fully restated herein.

35. Defendant' use of Plaintiff's trademarks constitutes an act of unfair competition in violation of 15 U.S.C. §1125.

36. By utilizing Plaintiff's trademark, Defendant has falsely led the public to believe that the source and origin of the trademarks is that of the Defendant's and not of the Plaintiff.

37. Defendant's violations of 15 U.S.C. §1125 have been intentional, willful, malicious, fraudulent and/or in bad faith.

38. Plaintiff has suffered damages and is entitled to compensation as a result of Defendant's willful and intentional representations.

39. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

## COUNT III

## OHIO TRADEMARK INFRINGEMENT

40. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 39 as if fully restated herein.

41. Defendant's production of clothing apparel and hats bearing the GIRLDAD®, trademark infringes on Plaintiff's trademark in violation of O.R.C. §1329.66 and Ohio Common law.

42. Defendant's production of clothing apparel and hats bearing the BOYDAD® trademark infringes on Plaintiff's trademark in violation of O.R.C. §1329.66 and Ohio Common law.

43. Defendant's conduct in infringing Plaintiff's trademarks has been and continues to be willful, and in wanton disregard of Plaintiff's rights.

44. Plaintiff has suffered damages as a result of Defendant's infringement of its trademarks.

45. Defendant is liable for all of Plaintiff's actual damages, being the amount of profit Plaintiff would have earned from the sale of the Defendant's infringing clothing apparel and hats.

46. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

47. Plaintiff is entitled to a preliminary and, ultimately, a permanent injunction pursuant to O.R.C. §1329.10 prohibiting Defendant from infringing Plaintiff's trademark rights, including but not limited to a preliminary and, ultimately, a permanent injunction prohibiting; (1) further creation, use, or distribution of clothing apparel and hats bearing the trademark and any derivatives thereof, including copies of all designs of clothing apparel and hats based on the infringing trademark; (2) designing, manufacturing, marketing, or distribution of designs based on the trademark; and (3) any other use of this or any other of Plaintiff's trademark.

48. Unless enjoined by this Court, Defendant will continue its unlawful conduct and cause additional injury to Plaintiff for which there is no adequate remedy at law.

## COUNT IV

## OHIO UNFAIR COMPETITION

49. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 48 as if fully restated herein.

50. Defendant's use of Plaintiff's trademarks, GIRLDAD® and BOYDAD® constitutes an act of unfair competition in violation of O.R.C. §1345.02.

51. By utilizing Plaintiff's trademarks, Defendant has falsely led the public to believe that the source and origin of the respective trademarks is that of the Defendant's and not of the Plaintiff.

52. Defendant's violations of O.R.C. §1345.02 have been intentional, willful, malicious, fraudulent and/or in bad faith.

53. Plaintiff has suffered damages and is entitled to compensation as a result of Defendant's willful and intentional representations.

54. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

## COUNT V

## FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C.A. §1125(a)

55. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1 through 54 as if fully restated herein.

56. Defendant's conduct constitutes use of false designation of origin, or false representations; wrongfully and falsely designating Defendant's products as originating from or otherwise being connected with Plaintiff's products; and constitutes the utilization of false

8

descriptions or representations in interstate commerce likely to confuse, mislead, or deceive purchasers or potential purchasers, and constitutes infringement of Plaintiff's trademarks in violation of 15 U.S.C. §1125(a).

57. By utilizing Plaintiff's trademarks, Defendant has falsely led the public to believe that the source and origin of the trademarks is that of the Defendant's and not of the Plaintiff.

58. Defendant's violations of 15 U.S.C. §1125 have been intentional, willful, malicious, fraudulent and/or in bad faith.

59. Plaintiff has suffered damages and is entitled to compensation as a result of Defendant's willful and intentional representations.

60. Defendant is also liable to Plaintiff for all profits earned by Defendant as a result of the infringing acts described above.

## COUNT VI

## ORC 4165.02 DECEPTIVE TRADE PRACTICES

61. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 60 above as if fully rewritten herein.

62. Defendant's use of Plaintiff's trademarks constitutes a violation of Ohio Rev. Code §4165.02, by falsely leading the public to believe that the source and origin of the trademarks is that of Defendant and not Plaintiff.

63. Plaintiff has suffered damages as a result of Defendant's representations.

64. Defendant has earned profits that are attributable to such infringements.

65. Unless enjoined by this Court, Defendant will continue its unlawful conduct and cause additional injury for which there is no adequate remedy at law.

## COUNT VII

## PRELIMINARY AND PERMANENT INJUNCTION

66. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 73 above as if fully rewritten herein

67. If Defendant is not preliminarily enjoined, and then, ultimately, permanently enjoined from use of Plaintiff's trademarks Plaintiff will suffer irreparable injury in that the exclusive use, possession, and rights of the trademarks will be deprived from Plaintiff.

68. Plaintiff has no other adequate remedy at law to prevent Defendant's infringement.

69. It is more than likely that Plaintiff will succeed on the merits of its case.

70. The public interest will be served by preserving Plaintiff's individual right to exclusive use and possession of its trademarks.

71. Accordingly, Plaintiff is entitled to a preliminary and, ultimately, a permanent injunction requiring Defendant to immediately take all steps necessary to cease the designing, manufacturing, marketing, or distribution of designs based on the trademark, and to immediately cease and desist any and all further use of the trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Hilary D. Wertin, dba Hildawn Design, prays that this Court enter judgment in its favor and against Defendant, Bad Dad Co., as follows:

A. That Defendant has infringed on Plaintiff's trademarks under 15 U.S.C. §1114, and that such infringement has been willful;

B. That Defendant has violated 15 U.S.C. §1125(a) and Ohio unfair competition laws and that such conduct has been willful, intentional, malicious, fraudulent and/or in bad faith;

C. That Defendant be found to have violated Ohio. Rev. Code §4165.02;

D. That Plaintiff be awarded compensatory damages, in an amount not yet determined, but in excess of $75,000.00;

E. That an accounting to be done pursuant to 15 U.S.C. §1117 to determine Plaintiff's damages as a result of the infringements, as well as the profits earned by Defendant attributable to its unlawful actions and to award such damages to Plaintiff;

F. That Plaintiff be awarded a disgorgement of the profits of the infringement pursuant to 15 U.S.C. §1114, in an amount not yet determined but in excess of $75,000.00;

G. That a preliminary and, ultimately, a permanent injunction be entered pursuant to 15 U.S.C. §1114 enjoining Defendant from infringing upon Plaintiff's trademark including but not limited to prohibiting any other use of Plaintiff's trademark used in clothing apparel and hats.

H. That Defendant be required to deliver for destruction all labels, signs, prints, packages, tags, wrappers, receptacles, and advertising material in their possession bearing the trademark;

I. That Plaintiff be awarded costs associated with this action;

I. That Defendant is liable for all attorney's fees and costs incurred hereinafter pursuant to 15 U.S.C. §1117(a).

J. That Plaintiff be awarded damages as provided by 15 U.S.C. §1117; and

K. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

LAW OFFICES OF ROBERT E. SOLES, JR., CO., LPA

*/s/ Faith R. Dylewski*
Robert E. Soles, Jr. (#0046707)
Faith R. Dylewski (#0074985)
6545 Market Avenue, North
North Canton, Ohio  44721
Telephone: (330) 244-8000
Telefax: (330) 244-8002
E-mail:  bsoles@soleslaw.com
E-mail: fdylewski@soleslaw.com

11

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

                              */s/ Faith R. Dylewski*
                              Counsel for Plaintiff